THE STATE, EX REL. JOHN O. COZZENS, TREASURER, v.
CLARENCE M. SLACK, COUNTY CLERK.

When a license is granted by a Court of Common Pleas, under the provis-
ions of the act approved March 20th, 1889, entitled "An act to regu-
late the sale of spirituous, vinous, malt and brewed liquors, and to
repeal an act entitled 'An act to regulate the sale of intoxicating and
brewed liquors,' passed March seventh, one thousand eight hundred
and eighty-eight," to be exercised and enjoyed in a locality which is
included in a town and is also included in a township, the two munici-
palities being co-existent over the territory included in the town, the
license fee is, by the true construction of section 9 of said act, required
to be paid by the clerk to the person having the legal custody of the
funds of the township, and not to the town.

Relator obtained a rule on defendant to show cause why a
*mandamus* should not issue requiring him to pay relator $600,
received by defendant as county clerk of Middlesex county
as fees for licenses granted by the Court of Common Pleas of
said county for the sale of liquors, &c.

By an agreement of attorneys, it is admitted that relator is
the treasurer of the township of East Brunswick, and, as such,
the person having the legal custody of the funds thereof, and
that defendant, as county clerk, received $600 for license fees
fixed by the Court of Common Pleas for four licenses granted
by said court under the act approved March 20th, 1889, and
entitled "An act to regulate the sale of spirituous, vinous,
malt and brewed liquors, and to repeal an act entitled 'An act
to regulate the sale of intoxicating and brewed liquors,' passed
March seventh, one thousand eight hundred and eighty-eight,"
for the sale of such liquors in the town of Washington, and
that the said town is wholly within the township of East
Brunswick and is a part of said township.

The rule was brought to hearing upon these admissions.

Argued at June Term, 1889, before Justices REED, MAGIE
and GARRISON.

For the relator, *A. H. Strong.*

The opinion of the court was delivered by

MAGIE, J.   The town of Washington was created by an act of the legislature, approved February 23d, 1870.   *Pamph. L., p.* 288.   A municipality with limited powers was thereby established within the bounds of a previously existing municipality, viz., the township of East Brunswick.   The township organization continued and the citizens and voters of the town have remained citizens and voters in the township.   The territory and citizens within the town have been, therefore, within the bounds of two municipalities which there co-existed. Such co-existing municipalities have been recognized as within the power of the legislature to create.   *Baldwin* v. *Fuller,* 10 *Vroom* 576 ; *S. C.,* 11 *Id.* 615.

The question presented by this rule is, to whom the fees for licenses to sell liquors, &c., at places within such dual municipalities are now required to be paid.   The ninth section of the act of March 20th, 1889, above mentioned, prescribes that such fees, when the licenses are granted by the Court of Common Pleas, shall be received by the clerk for the use of the " township, town, borough or city within which the license granted is to be exercised and enjoyed," and that fees so received shall be by such clerk transmitted to the proper township, town, borough or city to the " person or body having the legal custody of the funds thereof."

But since a license to keep an inn or a saloon in a locality within two such co-existing municipalities may, with apparently equal propriety, be said to be exercised and enjoyed in either of them, it does not seem possible, from the language of this section, to satisfactorily determine which municipality is intended to be benefited by the receipt of such fees.

The act which is under consideration, however, uses the phrase " township, town, borough and city " in two other connections besides that in which it is used in section 9. Under such circumstances the rule of construction is settled. If words or phrases are used in a statute in one connection

with a clearly defined meaning, the same meaning will be attributed to them when used in other connections in the same statute, unless there is a clear indication in the context to the contrary. *Wilberf. Cons. Stat.* 136; *Den, Mickle,* v. *Matlack,* 2 *Harr.* 93; *Den, James,* v. *Dubois,* 1 *Id.* 285, 293.

The act, in sections 1 and 3, enacts that the population of "townships, towns, boroughs and cities" shall furnish the test to determine the minimum license fee to be fixed for licenses granted under the act.

By sections 4, 5, 6, 7 and 8, provisions are made for an election to be held in any "township, town, borough or city" to determine upon a minimum license fee for licenses therein, not less than that fixed by sections 1 and 3.

If in either of these connections it appears clear which of two such co-existing municipalities was intended, a like intent may be inferred with respect to the provisions of section 9.

There is a clear indication in the provisions of sections 1 and 3 that, when there are co-existing municipalities under the names of township and town or of township and borough, the population of only one of them is to be resorted to to determine the minimum fee for the whole locality.

The included municipality usually is a business centre and has a denser population. If its population, however, alone be counted, it may well result that the minimum fee in the locality where the business of the township is mainly transacted will be less than the minimum fee required to be imposed in the outlying portions of the township, for, with respect to them, the population of the whole township must evidently be counted. Moreover, if the population of the included municipality is used as the standard to fix fees therein, it must plainly be again counted in the population of the township, which seems inconsistent with the provisions of these sections.

In my judgment, the minimum fee for licenses was designed to be fixed in such cases by reference solely to the population of the larger of the co-existing municipalities.

The sections which provide for an election to fix the minimum license fee afford a similar indication in a stronger form.

Such an election may be ordered on the petition of one-fifth of the legal voters voting at the last previous gubernatorial election in the township, town, borough or city; the petition must name a minimum fee not less than that required by section 1 in the township, town, borough or city; and the election is to determine whether or not any license shall be granted in such township, town, borough or city, for any less sum than that named in the petition.

From these provisions, I think it obvious that the election is designed to be held in that municipality the population of which furnishes the test to fix the minimum fee for licenses in the absence of election. It seems also clear that the election is to be in that municipality in which the gubernatorial election has occurred, which, in the case of these co-existing municipalities, is the township.

This is, moreover, conclusively shown by comparing these provisions with section 8, which prescribes that after one election under the act no other election thereunder shall be held in the same township, town, borough or city in less than three years. If a borough, included in a township, may, by its voters, fix the minimum fee for licenses therein, then one of two results must follow, viz.: either that no election within the township could be held for three years, or that at such an election the borough voters could again vote to fix the minimum fee for license in the township. If no election for three years could be held in the township because of a previous election in the borough, voters of the township not living in the borough would be debarred of a privilege conferred by the act. If voters in the borough could also take part in a township election, they have unusual privileges not apparently intended by the act.

In my judgment, it is plain that a township election fixing a minimum license fee, differing from that fixed by the borough election, must prevail, because the license for the sale of liquors, &c., in the borough is also a license for the sale in

the township, and it is the population or vote of the township which is to fix the fee therein.

The election provided for by the act is to be applied for and ordered only in the larger of two co-existing municipalities.

The provisions of the ninth section are capable of and should be given the same construction. Therefore, when two municipalities co-exist over the same locality, license fees for licenses exercised and enjoyed therein under this act must be paid to the municipality exercising its governmental functions over the wider territory.

The rule must therefore be made absolute.