## THE STATE, EX REL. BRANNIN NEWBURY, v. JAMES H. PATTERSON.

The act of April 2d, 1890 (*Pamph. L., p.* 179), legalizing the payments of license fees for sale of intoxicating liquors, made by county clerks, through misapprehension or misconstruction of the law regulating such licenses, to officers of incorporated towns, &c., existing within the limits of townships, validates such payments. It is retroactive, and does not impair any contract or vested right.

On rule to show cause why the writ of *mandamus* should not be dismissed.

Argued at June Term, 1890, before Justices VAN SYCKEL and SCUDDER.

For the relator, *Frank P. McDermott.*

For the defendant, *William H. Vredenburgh.*

The opinion of the court was delivered by

SCUDDER, J.    A writ of peremptory *mandamus* was issued in this cause March 25th, 1890, commanding James H. Patterson, clerk of the county of Monmouth, to transmit and pay over to the prosecutor, Brannin Newbury, the sum of $500, the amount of fees received upon certain licenses granted by the Court of Common Pleas of the county of Monmouth, at the May Term preceding, for the sale of liquors within the township of Wall, and within that portion of said township which is also embraced within the corporate limits of the borough of Manasquan, the said Brannin Newbury being the treasurer of said township. This writ was served on the defendant March 28th, 1890. Prior to making return thereto, this motion is made to set aside the *mandamus* for the reason that subsequent legislation has legalized the act of the county clerk in making payment of these license fees to the treasurer of the borough of Manasquan. This sum,

$500, of license fees in controversy, was paid by the clerk of Monmouth county, on June 6th, 1889, to the treasurer of the borough of Manasquan, under a misapprehension of the provisions of an act entitled "An act to regulate the sale of intoxicating and brewed liquors," approved March 20th, 1889, and the $500 is still retained by the borough treasurer.

This court having decided, at November Term, 1889, in *Cousins* v. *Slack,* 23 *Vroom* 113, that section 9 of this statute required the clerk of the county to pay such license fees received by him to the person having the legal custody of the funds of the township, and not to the town or borough within the township, the legislature, by an act passed subsequently, April 2d, 1890 (*Pamph. L., p.* 179), enacted that all such payments be and the same are hereby legalized, and said fees shall be treated the same as if lawfully paid and held by the said treasurer or other officer or officers. The preamble of this act states that "Whereas, the clerks of the Courts of Common Pleas in certain counties in this state have paid, under a misapprehension or misconstruction of the provisions of the act entitled 'An act to regulate the sale of spirituous, vinous, malt and brewed liquors,' &c., to the treasurer or other officer or officers of certain incorporated towns, villages, boroughs and incorporated municipalities governed by commissioners and trustees, and existing within the limits of any township of this state, certain fees received from licenses, &c., therefore, be it enacted, that all such payments be and they are hereby legalized." This act is evidently intended to be retroactive in force and to cover all cases within its provisions for the protection of clerks of the Courts of Common Pleas who have acted under an honest misapprehension or misconstruction of the conditions on which such fees become payable. The single question, therefore, is, whether the legislature had the power to pass an act which shall legalize the payment made by the county clerk to the borough treasurer of Manasquan. It is challenged upon the ground that it takes away vested rights of the township of Wall to receive this money, which right is in the nature of a contract,

the obligation of which cannot be impaired by subsequent legislation. This is, however, a misapprehension of the right of the township of Wall to receive license fees, which does not grow from contract relations with any one, but is given by statute and may be taken away by similar authority. It is not a private right or interest, but a public right, conferred and controlled by legislative grant only. Such distribution of funds to be made among public officers for the public benefit has always been held to be subject to legislative enactment made to correct errors in such payment, or other appropriation, and does not in any way contravene the law of contracts, by which private rights of property are vested and secured. 3 *Pars. Cont.* 477, 478.

This construction and effect given to the statute in question harmonizes with the act of April, 1890 (*Pamph. L., p.* 169), by which license fees received by county clerks are to be paid to the municipalities and political divisions within which the license granted is to be exercised and enjoyed.

The rule to show cause will be made absolute.